POLEN, C.J.
During a surveillance, Officer Bradford observed appellant buy what was believed to be crack cocaine from an unidentified black male. As the police moved in, appellant put a rock into his mouth. Officer Dardeen ordered appellant to spit out the cocaine, but he swallowed it. He was later charged with and convicted of tampering with evidence.
His sole point on appeal is that the trial court erred in not allowing the defense to cross-examine Officer Bradford as to what happened to the unidentified black male appellant later identified as “Bee.” Appellant’s defense was that “Bee” was a homeless man he knew casually from the streets; that appellant had given Bee a dollar; and there were no drugs involved. Appellant’s attorney had successfully objected, however, when the state attempted to ask similar questions of Officer Bradford on direct examination.
We affirm, inter alia, on the basis that the issue was waived when appellant’s counsel sought to ask Officer Bradford on cross as to what police follow-up occurred as to Bee. Defense counsel posed a few proposed questions, to each of which the state’s objection was sustained. Counsel did not offer any argument, nor did he ask for a sidebar, attempt to make a proffer, nor otherwise enlighten the trial court as to why the line of questioning might be relevant. Thus, the issue is not preserved *635 for review, and we must affirm. See Steinhorst v. State, 412 So.2d 332 (Fla.1982).
AFFIRMED.
GROSS and TAYLOR, JJ., concur.